I agree that § 27-1-17 imposes interest on the benefits payable under valid claims at a rate of "one and one-half percent per month," beginning "45 days after the insurer receives reasonable proof of the fact and amount of loss sustained." I agree that this interest rate applies even if the insurer initially denies the claim in good faith and the claim is only later held to be valid by being "finally settled or adjudicated." To me, these conclusions follow as a necessary result of the plain meaning of the statute. Paragraph (b) requires the insurer to pay the stated interest rate "[i]f the claim is not denied for valid and proper reasons by the end of said 45 day period." A "valid" reason for denying the claim is one that ultimately defeats the claim; I see no room for interpreting this to mean a "good faith" or "debatable" reason to deny the claim.
Some of Reliable's arguments focus on the language in paragraph (a) regarding "reasonable proof of the fact and the amount of the loss." The error in those arguments is that they treat the term "reasonable proof" as though it means reasonable proof of the validity of the claim, when, in fact, "reasonable proof of the fact and amount of the loss" was provided in this case by proof of Mr. Jordan's death and of the policy amount. That language cannot be construed to mean that the 45-day period does not begin to run unless and until the claimant produces "reasonable proof" that she is entitled to recover under the claim, i.e., until she establishes her legal position as being superior to that of the insurer.
Finally, I note that most of Reliable's arguments hinge on the premise that the 18% per annum rate is a punitive one. I simply note that § 27-1-17 derives from Act 81-371, Alabama Acts 1981, which was passed at a time when the prime rate of interest was 171/2% or higher. See Record of Policy Actions ofthe Federal Open Market Committee, 67 Fed. Reserve Bulletin 565 (July 1981). Thus, it is equally probable that the legislature intended the rate simply as a compensatory one, paying health and accident insurance claimants a market rate of interest for the loss of use of the policy benefits during a dispute over the validity of the claim. The question of whether that statutory rate is out of proportion *Page 703 
to current market rates is a question for the legislature, not the courts.
MADDOX, J., concurs.